**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **TODD MICHAEL M.,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **vs.** | *   **Civil Action No. ADC-19-382** |
| | * |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**[1] | * |
| | * |
| **Defendant.** | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

On February 8, 2019, Todd Michael M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 16, 19), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED.

## PROCEDURAL HISTORY

On August 14, 2017, Plaintiff filed a Title II application for DIB, alleging disability beginning on April 30, 2009. Also on August 14, 2017, Plaintiff filed a Title XVI application for SSI, alleging disability beginning on April 30, 2009. His claims were denied initially and upon reconsideration on October 2, 2017, and January 26, 2018, respectively. On March 20, 2018,

---

[1] Currently, Andrew Saul serves as the Commission of the Social Security Administration.

Plaintiff filed a written request for a hearing and, on June 4, 2018, an Administrative Law Judge ("ALJ") presided over a hearing. At the hearing, Plaintiff amended his alleged onset date to September 1, 2010. On September 17, 2018, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability within the meaning of the Social Security Act [(the "Act")] from September 1, 2010, through the date of this decision." ECF No. 11-3 at 21. Thereafter, Plaintiff filed an appeal, and on December 21, 2018, the Appeals Council affirmed the decision of the ALJ, which became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On February 8, 2019, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability application. On October 24, 2019, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on February 6, 2020. Plaintiff filed a response on February 25, 2020.[2] This matter is now fully briefed, and the Court has reviewed both parties' motions.

### STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not

---

[2] On March 4, 2020, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### **DISABILITY DETERMINATIONS AND BURDEN OF PROOF**

In order to be eligible for DIB and/or SSI, a claimant must establish that he is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically

3

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective

medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant is able to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ preliminarily found that Plaintiff met the insured status requirements of Title II of the Act through September 30, 2016. ECF No. 11-3 at 23. The ALJ then performed the sequential evaluation and found at step one that Plaintiff "ha[d] not engaged in

substantial gainful activity since September 1, 2010, the amended alleged onset date." *Id.* At step two, the ALJ found that Plaintiff had severe impairments of "degenerative joint disease of the bilateral knees, degenerative joint disease of the right shoulder, degenerative disc disease, and obesity." *Id.* at 24. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app'x 1. *Id.* at 27. The ALJ then determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), lifting and carrying 20 pounds occasionally and less than 10 pounds frequently; standing and walking for 6 hours in an 8 hour day; and sitting for 6 hours in an 8 hour day. He can perform work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing.

*Id.* at 28. The ALJ then determined at step four that Plaintiff had past relevant work as an Army sergeant, a heavy equipment operator, and a pile driver/operator, but he was unable to perform such work. *Id.* at 35–36. Finally, at step five, the ALJ found "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Id.* at 36. Thus, the ALJ concluded that Plaintiff "ha[d] not been under a disability, as defined in [the Act], from September 1, 2010, through the date of this decision." *Id.* at 37.

## DISCUSSION

Plaintiff raises two allegations of error on appeal: (1) the ALJ's RFC determination was unsupported by substantial evidence, because the ALJ improperly evaluated the mental impairments criteria; and (2) the ALJ improperly evaluated whether Plaintiff met or equaled the criteria of Listing 1.04A at step three of the evaluation. Neither argument has merit, and the Court will discuss each in turn.

**A. The ALJ's RFC Finding is Supported by Substantial Evidence.**

Plaintiff first argues the ALJ's RFC finding was not supported by substantial evidence because he failed to follow the "special technique" for evaluating mental impairments. ECF No. 16-2 at 9–19. The Court disagrees.

As a preliminary matter, Plaintiff seems to argue the ALJ erred by failing to categorize his medically determinable mental impairments of post-traumatic stress disorder ("PTSD") and depression as nonsevere at step two of the sequential evaluation. *See id.* at 15, 18. Step two requires "a threshold determination of whether a [plaintiff] is suffering from a severe impairment or a combination of impairments." *Lewis v. Comm'r of Soc. Sec.*, SAG-15-84, 2015 WL 5905276, at *2 (D.Md. Oct. 6, 2015) (citing *Bowen v. Yuckert*, 482 U.S. 137, 147–48 (1987)). "If a [plaintiff] is found to be suffering from a severe impairment(s), the analysis simply proceeds to the next step." *Id.* (citing 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii)). When a plaintiff makes a "threshold showing that other disorders constituted severe impairments" and "the ALJ continued with the sequential evaluation process," an ALJ's failure to find an additional impairment nonsevere is harmless. *Davis v. Comm'r, Soc. Sec. Admin.*, SAG-12-813, 2013 WL 1124589, at *1 (D.Md. Mar. 18, 2013). Because the ALJ found other impairments severe and proceeded with the sequential evaluation, he did not commit reversible error by categorizing Plaintiff's PTSD and depression as nonsevere.

Next, at step three of the sequential evaluation, the ALJ must determine whether the claimant's impairments meet or equal one or more of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app'x 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. pt. 404, subpt. P, app'x 1, 12.00. "Each [L]isting therein, consists of: (1) a brief statement describing its subject disorder; (2) 'paragraph A criteria,' which consists of a set of medical findings; and (3) 'paragraph

B criteria,' which consists of a set of impairment-related functional limitations." *Rayman v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-3102, 2015 WL 6870053, at *2 (D.Md. Nov. 6, 2015) (citing 20 C.F.R. pt. 404, subpt. P, app'x 1, 12.00(A)). If the paragraph A and paragraph B criteria are satisfied, the ALJ will find that the claimant meets the listed impairment. *Id.*

Paragraph B provides the functional criteria assessed by the ALJ and consists of four broad functional areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(A)(2)(b). The ALJ employs a "special technique" to rate the degree of a claimant's functional limitations in these areas. 20 C.F.R. §§ 404.1520a(b), 416.920a(b). The ALJ's evaluation must determine "the extent to which [the claimant's] impairment(s) interferes with [the] ability to function independently, appropriately, effectively, and on a sustained basis" and must include a specific finding as to the degree of limitation in each of the four functional areas. 20 C.F.R. §§ 404.1520a(c), 416.920a(c). The ALJ uses a five-point scale to rate a claimant's degree of limitation: none, mild, moderate, marked, and extreme. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). "To satisfy the paragraph B criteria, [a claimant's] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(A)(2)(b).

Even if the claimant does not meet both the paragraph A and paragraph B criteria, the ALJ must still account for the claimant's mental impairments in the RFC analysis. In determining RFC, an ALJ must consider the entire record, opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. §§ 404.1545(a), 416.945(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *2 (defining the RFC as an assessment of an individual's ability to perform vocational-related physical and mental activities). Furthermore, it

is the duty of the ALJ to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating a claimant's RFC. Specifically, the Ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). Furthermore, "[t]he Ruling instructs that the [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after that may [the RFC] be expressed in terms of the exertional levels of work[:] sedentary, light, medium, heavy, and very heavy." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (footnote omitted) (quoting SSR 96-8p, 1996 WL 374184).

Here, the ALJ found that while Plaintiff had medically determinable impairments of post-traumatic stress disorder ("PTSD") and depression, neither impairment was "severe" at step two the evaluation. ECF No. 11-3 at 25. The ALJ found these impairments nonsevere because when evaluating the paragraph B criteria he found that these impairments caused Plaintiff only mild limitations in each of the four categories of mental functioning. *Id.* at 26. After finding only mild limitations in the four functional areas, the ALJ noted his paragraph B findings were not an RFC

determination, and his subsequent RFC finding would "require[] a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B." *Id.*

Plaintiff argues the ALJ failed to properly consider all Plaintiff's impairments, particularly his mental impairments, in making his RFC finding. ECF No. 16-2 at 18. Plaintiff argues the ultimate RFC finding is insufficient because it does not include limitations for the "more than minimally impaired mental functioning." *Id.* The ALJ found, however, that Plaintiff had no more than mild limitations in any of the four categories of mental functioning. *See* ECF No. 11-3 at 26. Plaintiff's argument that the ALJ should have included more limitations in Plaintiff's RFC is unsupported because the ALJ did not, in fact, find that Plaintiff's mental functioning was "more than minimally impaired."

When analyzing the paragraph B criteria, the ALJ discussed Plaintiff's own statements in conjunction with his reported activities of daily living and his mental examination findings generally. *See id.* Though the ALJ did explain the evidence on which he relied when rating Plaintiff's degree of limitation in each of the four functional areas, *see id.*, he went into greater detail regarding Plaintiff's mental impairments during the RFC analysis, *see id.* at 32–34. In the ALJ's RFC finding, the ALJ thoroughly detailed Plaintiff's treatment history and mental examination results, noting the fluctuations Plaintiff experienced with his PTSD and depression. *See, e.g.*, *id.* at 32 ("On examination in early June 2015, he was noted to be 'very grumpy'; irritable; and complaining loudly of dry mouth, weight gain, constipation and poor sleep/nightmares. However, on examination a month later, he was noted to be calm and cooperative, although somewhat withdrawn, with some brightening of his affect." (internal citations omitted)). Moreover, the ALJ noted that Plaintiff has a history of failing to comply with his Zoloft prescription, and has previously refused to increase his dosage as a psychiatrist recommended he

do. *Id.* at 34 (citing ECF No. 11-8 at 253 ("He was informed that Zoloft is at a sub-therapeutic dose and he wished to keep the current dose.")). Ultimately, the ALJ spent almost three full pages of his RFC analysis discussing Plaintiff's mental impairments alongside Plaintiff's mental treatment history and other impairments. Therefore, Plaintiff's argument that the ALJ materially erred by failing to consider the combined effect of all Plaintiff's impairments, including his mental impairments, is unsupported. Accordingly, the ALJ's RFC analysis was supported by substantial evidence, and remand is not warranted on this ground.

### B. The ALJ Did Not Err in Evaluating Listing 1.04A.

Plaintiff also argues the ALJ erred by improperly considering whether Plaintiff met or equaled the criteria of Listing 1.04A, outlined in 20 C.F.R. pt. 404, subpt. P, app'x 1, at step three of the sequential evaluation. ECF No. 16-2 at 19–29. The Court disagrees.

At step three of the sequential evaluation, the ALJ must determine whether the claimant's impairments meet or equal one or more of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app'x 1. Where a claimant can show that his condition "meets or equals the listed impairments," the claimant is entitled to a conclusive presumption that he is disabled within the meaning of the Act. *Bowen v. City of New York*, 476 U.S. 467, 471 (1986); *see McNunis v. Califano*, 605 F.2d 743, 744 (4th Cir. 1979) (stating that the listings, if met, are "conclusive on the issue of disability"). The burden of proof is on the claimant to show that he meets *all* of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

"In evaluating a claimant's impairment, an ALJ must fully analyze whether a claimant's impairment meets or equals a 'Listing' where there is factual support that a listing could be met." *Huntington v. Apfel*, 101 F.Supp.2d 384, 390 (D.Md. 2000) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). However, "[u]nder *Cook*, the duty of identification of relevant listed

impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F.Supp.2d 629, 645 (D.Md. 1999). "Neither the Social Security law nor logic commands an ALJ to discuss all or any of the listed impairments without some significant indication in the record that the claimant suffers from that impairment." *Id.* On the other hand, "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford*, 734 F.3d at 295 (internal citations omitted).

Remand is appropriate where the "ALJ's opinion failed to apply the requirements of the listings to the medical record." *Id.* at 292; *Fox v. Colvin*, 632 F.App'x 750, 755–56 (4th Cir. 2015) (holding that the ALJ's conclusory and perfunctory analysis at step three necessitated remand). In evaluating whether an ALJ's listing comparison was proper, however, the Court is not confined to the ALJ's analysis at step three and instead must consider the reasoning provided by the ALJ in the decision in its entirety. *See Schoofield v. Barnhart*, 220 F.Supp.2d 512, 522 (D.Md. 2002) (holding remand is not warranted "where it is clear from the record which [Listing] . . . w[as] considered, and there is elsewhere in the ALJ's opinion an equivalent discussion of the medical evidence relevant to the [s]tep [t]hree analysis which allows [the reviewing c]ourt readily to determine whether there was substantial evidence to support the ALJ's [s]tep [t]hree conclusion").

Listing 1.04A states:

1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. pt. 404, subpt. P, app'x 1, 1.04A. In other words, a claimant must demonstrate that he meets all four requirements of Listing 1.04A for an ALJ to make a finding that his impairment meets or equals the listed impairment. *See Sullivan*, 493 U.S. at 530.

During his step three analysis, the ALJ explained why Plaintiff failed to meet the requirements of Listing 1.04A: "In the present case, there is not objective evidence of a compromise of a lumbar nerve root or the lumbar spinal cord." ECF No. 11-3 at 27. The ALJ further explained,

> [t]he record shows that MRI of the lumbar spine was normal on January 8, 2009. There is no evidence of muscle atrophy or reduced strength on exam. There was only one slightly positive straight-leg raise test, in April 2018. At that time, the only abnormality on x-ray of the lumbar spine was mild straightening of the lordotic curve, suggesting lumbar muscle spasm.

*Id.* (internal citations omitted). Other than an introduction of the standard the ALJ applied when evaluating this Listing, the ALJ said nothing more regarding Listing 1.04A. Plaintiff argues that the ALJ's 1.04A analysis was insufficient and the ALJ incorrectly stated there was no objective evidence of a compromise of the lumbar nerve root or lumbar spinal cord. ECF No. 16-2 at 25.

Even if the ALJ did err in his analysis of Listing 1.04A, that error would be harmless. To meet a Listing, "every element of the listing must be satisfied." *Huntington v. Apfel*, 101 F.Supp.2d 384, 391 (D.Md. 2000) (citing *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)). The claimant bears the burden of proof during the first four steps of the sequential evaluation, including for the Listing analysis at step three. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (noting that the burden rests with the plaintiff during the first four steps of the evaluation to proffer evidence of a

disability). If the lower back is involved, Listing 1.04A requires evidence of "positive straight-leg raising test (sitting and supine)." 20 C.F.R. pt. 404, subpt. P, app'x 1.04A.

As the ALJ noted, in April 2018, Plaintiff had a single straight leg raise test that was "slightly positive on left," but does not indicate that the test was performed in both the sitting and supine positions. ECF No. 11-10 at 551. Listing 1.04A requires evidence of positive straight leg raising tests in the seated and supine positions for assessing disability. *See, e.g., Bishop v. Colvin*, No. 14-4068-CM, 2015 WL 5472494, at *5 (D.Kan. Sept. 17, 2015) ("While there is evidence of positive straight leg raise tests, most do not specify plaintiff's posture. The two positive tests that do specify posture were performed in the seated position. Thus, there is no evidence that any straight leg raise tests were conducted in the supine position. Without this evidence, plaintiff cannot show that he met all of the requirements of Listing 1.04A."); *Fripp v. Colvin*, No. 9:14-0410-MGL-BM, 2015 WL 3407569, at *5 (D.S.C. May 27, 2015) (noting that a positive straight leg raising test without an indication of whether the test was both sitting and supine does not suffice to establish the requirements of Listing 1.04A "and that alone is fatal to his claim"). Accordingly, based on the medical evidence of record, Plaintiff is unable to establish he met or equaled the required criteria of Listing 1.04A. Accordingly, any error in the ALJ's evaluation of Listing 1.04A is harmless, and remand is not warranted on this ground.

## CONCLUSION

In summation, the Court finds that the ALJ properly found that Plaintiff was "not disabled" within the meaning of the Act from September 1, 2010, through the date of the ALJ's decision. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED, Defendant's Motion for

Summary Judgment (ECF No. 19) is GRANTED, and the decision of the SSA is AFFIRMED. The clerk is directed to CLOSE this case.

Date:  May 11, 2020                                          /s/
                                                          A. David Copperthite
                                                          United States Magistrate Judge